```
               UNITED STATES DISTRICT COURT FOR THE
               WESTERN DISTRICT OF NORTH CAROLINA
                         CHARLOTTE DIVISION
                         3:07CV63-MU-02
```

```
TREVON STEELE              )
  (a.k.a. Travon Steele)   )
     Petitioner,           )
                           )
          v.               )         O R D E R
                           )
MARVIN L. POLK, Supt.,     )
     Respondent.           )
_____ )
```

**THIS MATTER** is before the Court on the petitioner's "Declaration And Request To Proceed In Forma Pauperis" and his Petition for a Writ of Habeas Corpus under 28 U.S.C. 2254, both filed February 7, 2007. For the reasons stated herein, the petitioner's IFP Request will be granted; however, the petitioner's Habeas Petition will be dismissed as time-barred.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The petitioner--who apparently is a frequent filer[1]–currently has filed this Habeas Petition which largely is indecipherable. Indeed, as best as this Court can determine, on September 8, 2005, the petitioner appeared before the Superior Court of Mecklenburg County and pled guilty to a charge of Assault With a Deadly Weapon with Intent to Inflict Serious Injury. The petitioner's form

---

[1] The petitioner has another case pending in this District under docket number 3:07CV58. His pending cases in the Eastern District of North Carolina are: 5:06CT3138; 5:07CT3000; 5:07CT3007; 5:07Ct3013; and 5:07CT3018.

Petition also reflects that his Assault conviction constituted a violation of a term of probation which he previously had received. Such probationary term had been imposed on the petitioner's conviction for having been a Convicted Felon in Possession of a Firearm.

On the occasion that the petitioner tendered his guilty plea to the Assault charge, the Court accepted that plea, entered a guilty verdict, formally revoked the petitioner's probation for the earlier Firearm conviction, and then conducted a sentencing proceeding for that matter. At the conclusion of that proceeding, the Court reportedly announced two concurrent terms of 40 to 57 months imprisonment for the Assault and Firearm convictions. However, the petitioner alleges that the Court's Judgment imposed two <u>consecutive</u> terms of 40 to 57 months imprisonment. The petitioner did <u>not</u> directly appeal those convictions or sentences.

Rather, after waiting sixteen months, on January 7, 2007, the petitioner mailed a Motion for Appropriate Relief ("MAR" hereafter) to the Superior Court of Mecklenburg County. However, in response to question 9(d) on the instant <u>Habeas</u> form, the petitioner reports that there has been no decision rendered on that MAR.

Oddly, the petitioner's <u>Habeas</u> Petition also reports that at some point in January 2007, he filed a Petition for a Writ of Mandamus in the North Carolina Court of Appeals. Again, however, the instant Petition is silent as to any result for such Mandamus

**2**

Petition.

Finally with regard to his procedural history, the petitioner's Petition reports that he submitted a Petition for a Writ of Certiorari to the North Carolina Supreme Court on January 23, 2007. Yet, the petitioner again fails to indicate any result for that Certiorari Petition.

Now, the petitioner has filed this federal Petition, seeking to argue that the sentencing judge failed to honor his plea agreement's call for concurrent (not consecutive) sentences; and that counsel was ineffective for failing to ensure that he received such concurrent terms. Nevertheless, notwithstanding the petitioner's belated attempts to pursue collateral review in this case, it is quite apparent to the undersigned that the instant <u>Habeas</u> Petition is time-barred.

## II. <u>ANALYSIS</u>

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review:

>    (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Likewise, the AEDPA provides that the time during which a <u>properly filed</u> application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

   As was previously noted, the petitioner sustained his convictions and sentences on September 8, 2005. Thus, based upon the relevant legal precedent, this Court must conclude that the petitioner's convictions and sentences became final no later than September 22, 2005--that is, at the expiration of the brief period during which he could have (but did not) properly file a direct appeal of those matters. <u>See</u> N.C.R.App.P. 4(a) (now providing a 14-day period for filing of a notice of appeal). Ultimately, then, in the absence of any intervening circumstances, the petitioner had up to and including September 22, 2006 in which to file the instant <u>habeas</u> Petition. <u>See</u> <u>Hernandez v. Caldwell</u>, 225 F.3d 439 (4th Cir.

2000) (noting the 1-year limitations period set forth by the AEDPA); and <u>Harris v. Hutchinson</u>, 209 F.3 325, 328 (4th Cir. 2000) (same); <u>see also</u> 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Obviously, the petitioner did <u>not</u> file the instant Petition by such September 2006 deadline.

Not only that, the instant Petition also shows that the petitioner allowed more than 15 months to elapse <u>after</u> his convictions and sentences became final before he even initiated his pursuit of collateral review in the North Carolina courts. Thus, while the AEDPA entitles a petitioner to have the limitation period tolled for the time during which any properly filed petitions for collateral review are pending, that fact is of little consequence here.

First, the petitioner's one-year deadline in this Court already had expired by the time that he began his pursuit of collateral review in State Court; therefore, the petitioner's filing of his MAR came far too late to have a favorable impact on this Court's calculations. To put it simply, the petitioner's belated pursuit of State collateral review cannot somehow breathe new life into his one-year limitations period which had expired long before he began that pursuit.

Second, in order to be considered "properly filed," a state

post-conviction application must be filed in accordance with state rules concerning form of document, applicable time periods and proper court and office for filing. See <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000). Thus, this Court is not even required to acknowledge the petitioner's initiation of collateral review inasmuch as his MAR was filed well beyond the 10-day period which North Carolina mandates for the initiation of such proceedings. See N.C.G.S. §15A-1420(4).

Equally critically, the form on which the petitioner submitted his Petition to this Court made it clear that the instant Petition could be construed as time-barred, yet the petitioner failed to articulate a reason why this Court should reach a contrary conclusion.[2] That is, the petitioner's <u>Habeas</u> form admonished him that Petitions filed more than one year after the challenged conviction(s) became final could be dismissed as untimely filed. Nevertheless, in response to the form's inquiry concerning timeliness the petitioner curiously reports that he "still had

---

[2] In January 2002, the fourth Circuit Court of Appeals decided the case of <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal <u>habeas</u> court, prior to trial, perceives a <u>pro-se</u> [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal <u>habeas</u> form to comply with <u>Hill's</u> notice provision. The new form now includes a section which directs the petitioner to address the "timeliness of [his/her] Petition. In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the Petition is being submitted, he/she "must explain why the one-year statute of limitations contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [that] Petition."

trial court and appellate court petitions MAR and Mandamus Certiorari pending until 07." However, for the reasons stated in the previous paragraph, that explanation simply is inadequate.

Moreover, with regard to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.) (en banc), cert. denied, 541 U.S. 905 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, however, the petitioner does not set forth any matters which could support a conclusion that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the petitioner.

### III. CONCLUSION

The AEDPA requires, among other things, that petitions for habeas corpus relief under 28 U.S.C. §2254 be brought within one year of the time that the underlying State court convictions and sentences become final. Because the record here clearly establishes the petitioner's failure in this regard, the instant Petition for a Writ of Habeas Corpus must be dismissed as untimely filed.

**IV. ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED.**

Signed: February 12, 2007

Graham C. Mullen
United States District Judge